EVEREADY LOAN COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 593. Promulgated November 29, 1943.

*Frank L. Wiemer, C. P. A.,* for the petitioner.
*Robert S. Garnett, Esq.,* for the respondent.

OPINION.

HILL, *Judge*: The single question presented is whether petitioner, under the facts above stated, was in existence before January 1, 1940, within the meaning of section 712 (a) of the Internal Revenue Code as amended by section 13 of the Excess Profits Tax Amendments of 1941. This section is as follows:

SEC. 712. EXCESS PROFITS CREDIT—ALLOWANCE.

(a) DOMESTIC CORPORATIONS.—In the case of a domestic corporation which was in existance before January 1, 1940, the excess profits credit for any taxable year shall be an amount computed under section 713 or section 714, whichever amount results in the lesser tax under this subchapter for the taxable year for which the tax under this subchapter is being computed. In the case of all other domestic corporations the excess profits credit for any taxable year shall be an amount computed under section 714. (For allowance of excess profits credit in case of certain reorganizations of corporations, see section 741.)

It is to be observed that a domestic corporation in existence before the named date has the privilege of an excess profits credit computation under either section 713 (income method) or section 714 (invested capital method). Its tax is the lesser amount resulting from the application of the respectively computed credits. Otherwise a domestic corporation (unless it comes within provisions not material here) is confined to an excess profits credit computation under section 714.

The answer to the question turns on the meaning of the term "in existence" in relation to a domestic corporation, as that term is used in the quoted section. Respondent contends that the term means "operating existence." He denied petitioner a credit computation under section 713 since, admittedly, petitioner did not conduct its small loan business prior to January 1, 1940. Petitioner, in effect, asserts that the term means "corporate being" and that this was acquired on December 19, 1939, the day the certificate of incorporation was filed.

Congress, in the exercise of its sovereign power to tax, might have set forth, in most unequivocal language, the test to be applied in ascertaining when a domestic corporation was "in existence" for the purposes of section 712 (a). It would have been a simple matter to have specifically made, beyond any question whatever, the actual

conducting of business the test. Such requirement would have been binding and conclusive, declarations in state corporation laws regarding the date from which "existence" runs to the contrary notwithstanding. *Rudolph Wurlitzer Co.* v. *Commissioner*, 81 Fed. (2d) 971. Respondent's position, in such circumstances, would be invulnerable to attack. But Congress saw fit only to include in this taxing provision an expression of well known legal meaning, as used in connection with corporations, and to let it go at that. We must assume, therefore, that Congress intended that the expression be understood in the usual sense. Certainly, we are not warranted, in view of the recognized meaning of the words, to attribute to them a different or a further import. *United States* v. *Merriam*, 263 U. S. 179; *Helvering* v. *Hammel*, 311 U. S. 504. As Mr. Justice Holmes said in *United States* v. *Fidelity Trust Co.*, 222 U. S. 158, at page 160:

> The statute does not invite speculation in new nomenclature, or attempt to reach profounder conceptions than those familiar to the law. * * * We presume that it [Congress] used familiar legal expressions in their familiar legal sense.

What is the familiar legal meaning of the term here under consideration? Briefly, we elucidate. Corporations are creatures of law. They have no being save at government will and have no powers apart from those authorized by grant or implied therefrom. They come into existence, in a legal sense, at the moment the conditions precedent thereto, as determined by the statute under which they are formed, are complied with. They are thereafter "in existence" until their life is terminated. As used by Congress in section 712 (a), "in existence" contemplates just this and no more, for such is the commonly understood legal meaning of the term as applied to corporate entities. Moreover, it is a well recognized truth that conditions precedent to the existence of a corporation are far from identical with conditions precedent to the corporation's right to engage in business. Fletcher on Corporations, vol. 1, § 167. Hence, not only may a corporation be in existence without engaging in business, but it may exist even without being empowered to engage in business.

Petitioner being a New Jersey corporation, it becomes necessary to look to the laws of that state to resolve the specific controversy here. *United States* v. *Cambridge Loan & Building Co.*, 278 U. S. 55; *Rudolph Wurlitzer Co.* v. *Commissioner, supra*. This, by necessary implication of the Federal taxing statute. *Commissioner* v. *Jones*, 16 Fed. (2d) 496. Cf. *Burnet* v. *Harmel*, 287 U. S. 103. The New Jersey corporation law, N. J. S. A. 14:2–4, which was in force on December 19, 1939 (since amended), provided in part as follows:

> The certificate (of incorporation) shall be signed in person by all the subscribers to the capital stock named therein, be proved or acknowledged as required

for deeds of real estate, be recorded in a book kept for that purpose in the office of the Clerk of the County wherein the principal office of the corporation in this state shall be established and, after being so recorded, shall be filed and recorded in the office of the Secretary of State. * * *

The persons so associating, their successors and assigns, shall, from the date of such filing, be a body corporate by the name set forth in the certificate, subject to dissolution as hereinafter provided. * * *

We have found, as is stipulated, that petitioner's certificate of incorporation was filed in the office of the New Jersey Secretary of State on December 19, 1939. By virtue of the New Jersey statute above quoted, petitioner was "in existence" on that day within the meaning of section 712 (a). The fact that no business was conducted until after January 1, 1940, is immaterial.

Respondent erred in failing to compute petitioner's excess profits credit under each method. If credit under section 713 results in a lesser excess profits tax than has been determined by respondent, petitioner must have the benefit of such saving.

*Decision will be entered under Rule 50.*