BILINGUAL MONTESSORI SCHOOL OF PARIS, INC., A DELAWARE CORPORATION, PETITIONER v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 16172–79X.     Filed December 30, 1980.

*Michael A. Friedberg,* for the petitioner.
*John W. Schmehl,* for the respondent.

OPINION

EKMAN, *Judge:* This is an action for declaratory relief brought by Bilingual Montessori School of Paris, Inc. (hereinafter petitioner), against respondent under section 7428 of the Internal Revenue Code of 1954. The statutory prerequisites for declaratory judgment have been satisfied. The only issue before the Court is whether petitioner is an organization described in section 170(c)(2)(A) so that contributions to petitioner will be deductible under section 170(a).

This case was submitted for decision on a stipulated·administrative record under Rules 122 and 217, Tax Court Rules of Practice and Procedure. The administrative record is incorporated herein by this reference. The facts relevant to our decision are as follows.

Petitioner, a non-stock, non-profit corporation was incorporated under the laws of the State of Delaware on February 21, 1978. Petitioner's registered office is located in Wilmington, Del. Its registered agent is located at that office.

The purposes of petitioner, as stated in its articles of incorporation, include the operation of a private school to teach children between 2 and 6 years of age by the methods developed by Dr. Montessori. Such methods include integrating emotionally disturbed, mentally retarded, and physically handicapped children with normal children. Petitioner is accredited by the Association Montessori Internationale. Petitioner does not conduct any activities, and does not have any employees in the United States. All officers and directors of petitioner reside in Paris, France. All contributions received by petitioner are

disbursed to cover expenses incurred by petitioner in operating a Montessori School in Paris, France.

Barbara Baylor Cole Porter obtained her international Montessori diploma in Washington, D.C., during 1965. Thereafter, while in the United States, she founded the Ivanhoe Montessori School which closed upon her departure for Paris, France, in 1969. During 1974, she opened the Bilingual Montessori School of Paris, a private school in Paris, France, and operated the school on the premises of the American Church of Paris as a sole proprietress from its inception until petitioner was incorporated. Barbara Baylor Cole Porter initiated the incorporation of petitioner under the laws of the State of Delaware and is a director of petitioner.

By letter dated January 22, 1979, respondent determined (1) that petitioner is exempt from income tax as an organization described in section 501(c)(3); (2) that, pursuant to sections 2055 and 2106, bequests to petitioner are deductible in computing the taxable estate of citizens or residents of the United States; and (3) that gifts to petitioner by such persons are deductible under section 2522 for purposes of computing taxable gifts. However, respondent issued to petitioner a final adverse determination letter dated August 28, 1979, with respect to the deductibility under section 170 of contributions to petitioner for the following reason: "You are not an organization described in Section 170(c)(2) as you do not meet the requirements set forth in section 170(c)(2)(A). See Rev. Rul. 63-252, 1963-2 C.B. 101."

Section 170(a) provides in part that a deduction is allowable for charitable contributions as defined in subsection (c) made within the taxable year. Section 170(c) defines the term "charitable contribution" in part as follows:

(c) CHARITABLE CONTRIBUTION DEFINED. * * * a contribution or gift to or for the use of—

(2) A corporation, trust, or community chest, fund, or foundation—

(A) created or organized in the United States or in any possession thereof, or under the law of the United States, any State, the District of Columbia, or any possession of the United States;

(B) organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes * * *

Respondent agrees that petitioner satisfies the requirement contained in section 170(c)(2)(B) that it be organized and operated exclusively for religious, charitable, scientific, literary,

or educational purposes. Further, respondent does not contend that petitioner is operated in violation of the prohibitions contained in section 170(c)(2)(C) or section 170(c)(2)(D). However, respondent does contend that petitioner is not an organization "created or organized in the United States or * * * under the law * * * any State" within meaning of section 170(c)(2)(A).

In support of this contention, respondent asserts that petitioner, a corporate shell without assets or employees in the United States, was organized solely to funnel contributions to a preexisting foreign organization. Respondent argues that to permit a deduction for contributions to such an organization is contrary to the intent of Congress in enacting section 170. Respondent urges this Court to disregard the incorporation of petitioner for purposes of section 170(c)(2)(A) and examine the qualifications of the Montessori School in Paris, France, to determine whether contributions to petitioner are deductible under section 170(a).

Inasmuch as respondent bases his argument on the intent of Congress, a review of the legislative history of section 170 may provide some perspective. Section 214(a) of the Revenue Act of 1918 provided in part that individuals were to be allowed a deduction for contributions to corporations organized and operated exclusively for religious, charitable, scientific, or educational purposes. Sec. 214(a)(11), Revenue Act of 1918, 40 Stat. 1057. Section 23(o) of the Revenue Act of 1938 limited the deductibility of such contributions by individuals to those made to domestic corporations organized and operated exclusively for such purposes. Sec. 23(o), Revenue Act of 1938, Pub. L. 554, 52 Stat. 447. The purpose of the limitation, as set forth in the report of the House Ways and Means Committee accompanying the legislation was as follows:

> Under the 1936 Act the deduction of charitable contributions by corporations is limited to contributions made to domestic institutions (section 23(q)). The bill provides that the deduction allowed to taxpayers other than corporations be also restricted to contributions made to domestic institutions. The exemption from taxation of money or property devoted to charitable and other purposes is based upon the theory that the Government is compensated for the loss of revenue by its relief from financial burden which would otherwise have to be met by appropriations from public funds, and by the benefits resulting from the promotion of the general welfare. The United States derives no such benefit from gifts to foreign institutions, and the proposed limitation is consistent with the above theory. If the recipient,

however, is a domestic organization the fact that some portion of its funds is used in other countries for charitable and other purposes (such as missionary and educational purposes) will not affect the deductibility of the gift. [H. Rept. 1860, 75th Cong., 3d Sess. (1938), 1939–1 C.B. (Part 2) 728, 742.]

The then-existing section 23(o) was broadened by the Revenue Act of 1939[1] to allow a deduction for contributions to corporations organized under the laws of any possession of the United States. Thus, section 23(o), I.R.C. 1939, provided in pertinent part as follows:

SEC. 23. In computing net income there shall be allowed as deductions:

  *  *  *  *  *  *  *

(o) CHARITABLE AND OTHER CONTRIBUTIONS. —In the case of an individual, contributions or gifts payment of which is made within the taxable year to or for the use of:

  *  *  *  *  *  *  *

(2) a corporation, trust, or community chest, fund, or foundation, created or organized in the United States or in any possession thereof or under the law of the United States or of any State or Territory or of any possession of the United States, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes * * *

Petitioner contends that respondent is attempting to engraft an additional test onto those contained in section 170(c)(2)(A) by requiring that a corporation have a substantial operational nexus in the United States in order to qualify as a corporation organized under the laws of a State. We agree.

Respondent argues that it is clear from the legislative history of section 170 that Congress intended to limit the amount of funds utilized for charitable purposes outside the United States. Respondent argues further that to allow a deduction for contributions to a corporation which merely distributes the contributions it receives to a foreign organization is clearly contrary to the intent of Congress. While we agree that the purpose of the change effected by section 23(o) of the Revenue Act of 1938 was to limit the deductibility of charitable contributions,[2] we are unable to perceive a congressional intent to limit the deductibility of contributions to a corporation such as petitioner. Respondent's own regulations state:

---

[1] Pub. L. 155, 53 Stat. 862.
[2] See H. Rept. 1860, 75th Cong., 3d Sess. (1938), 1939–1 C.B. (Part 2) 728.

A charitable contribution by an individual to or for the use of an organization described in section 170(c) may be deductible even though all, or some portion, of the funds of the organization may be used in foreign countries for charitable or educational purposes. [Sec. 1.170A–8(a), Income Tax Regs.]

Respondent has failed to recognize a crucial difference between this petitioner and a corporation which distributes all contributions which it receives to a foreign organization. Petitioner does not distribute any of its funds to a foreign organization operating a school in France. Rather, petitioner itself operates the school in Paris and expends contributions received by it for costs incurred in the operation of that school. The issue which respondent argues so forcefully, viz, the deductibility of contributions to a corporation which distributes its funds to a foreign organization, is not present in the instant case.

Corporations are legal entities created pursuant to statute. Absent the existence of and compliance with an enabling statute, a corporation may never commence existence. It is axiomatic that in determining whether a corporation is created or organized under the laws of a State, we must look to State law. *United States v. Loan & Bldg. Co.*, 278 U.S. 55 (1928); cf. *Burnet v. Harmel*, 287 U.S. 103 (1932); *Eveready Loan Co. v. Commissioner*, 2 T.C. 1035 (1943).

Pursuant to Delaware corporation law, a corporation commences existence upon the filing of a properly executed and acknowledged certificate of incorporation. Del. Code tit. 8, sec. 108. We have found that petitioner's certificate of incorporation was filed of record on February 21, 1978. Petitioner's existence commenced at that time pursuant to State law. For purposes of section 170(c)(2)(A), petitioner was organized under the laws of Delaware on February 21, 1978.

Congress, in enacting section 23(o), I.R.C. 1939, predecessor to section 170, I.R.C. 1954, might have set forth tests to be applied in determining the precise meaning of "created or organized under the law of any State." See *Eveready Loan Co. v. Commissioner, supra*. However, Congress did not do so and we are both unwilling and unable to legislate by judicial fiat a test not embodied in the clear language of section 170. *International Trading Co. v. Commissioner*, 484 F.2d 707 (7th Cir. 1973), revg. and remanding 57 T.C. 455 (1971).

Respondent urges this Court to ignore the existence of petitioner[3] and determine whether deductions are allowable under section 170(a) for contributions made to the school in Paris, France. We note that while respondent urges us to ignore petitioner's existence for purposes of section 170(c)(2)(A), respondent has determined that petitioner is exempt from tax as a corporation described in section 501(c)(3), and is a corporation to which deductible bequests and gifts may be made under section 2055 and section 2522, respectively. Admittedly, sections 2055 and 2522 do not contain the requirement that a corporation described therein be created or organized in the United States or under the laws of any State. And we are of course aware that the estate tax and gift tax are not in pari materia with the income tax. See *Galt v. Commissioner*, 216 F.2d 41 (7th Cir. 1954), affg. in part and revg. in part 19 T.C. 892 (1953), cert. denied 348 U.S. 951 (1955). Nonetheless, we perceive no authority for acknowledging the existence of petitioner as a corporation under those sections and ignoring the existence of the selfsame corporation for purposes of section 170. To do so would be both logically inconsistent and an abuse of judicial authority. Petitioner is not a sham or artifice but rather a legal entity existing pursuant to the laws of the State of Delaware.

Because petitioner is a corporation created or organized under the laws of the State of Delaware within the plain meaning of section 170(c)(2)(A), contributions to or for the use of petitioner are charitable contributions within the meaning of section 170(c) and are deductible under section 170(a).

*Decision will be entered for the petitioner.*

---

[3]In support of his contention that petitioner should be viewed as no more than an agent or conduit for a foreign private school, respondent argues that the situation herein is analogous to the factual situations outlined in examples (1), (2), and (3) of Rev. Rul. 63–252, 1963–2 C.B. 101, 103, wherein respondent determined that contributions to the orgainzations described in those examples were not deductible. Petitioner responds by arguing that the situation herein is analogous to examples (4) and (5) of that ruling and consequently contributions to petitioner should be deductible and further invites our attention to Rev. Rul. 66–79, 1966–1 C.B. 48, and Rev. Rul. 75–65, 1975–1 C.B. 79. Revenue rulings merely state respondent's position concerning a particular issue and do not constitute authority for deciding a case in this Court. *Goldsboro Art League, Inc. v. Commissioner*, 75 T.C. 337 n. 9 (1980). In any event, we find the situation presented herein to be factually distinguishable from the situations presented in those rulings.