REBSAMEN MOTORS, INCORPORATED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 99532.   Promulgated April 3, 1941.

*G. Russell Brown, C. P. A.,* for the petitioner.
*S. B. Anderson, Esq.,* for the respondent.

OPINION.

ARNOLD: The Commissioner determined a deficiency in excess profits tax in the amount of $102.69 and a deficiency in personal holding company surtax under section 351 of the Revenue Act of 1934 in the amount of $725.76, for the taxable period May 1 to December 31, 1935, the latter only being in controversy herein. The petitioner alleges that the respondent erred in determining that it was a personal holding company. It also claims that it overpaid

personal holding company surtax for the taxable period involved in the amount of $4,157.83 plus interest in the amount of $352.45. The proceeding was submitted upon the pleadings and a written stipulation of facts.

The petitioner is an Arkansas corporation with its principal office in Little Rock, Arkansas. On February 18, 1938, the then corporate name of petitioner, "The Finance Corporation of Arkansas", was changed to its present name, "Rebsamen Motors, Incorporated."

The petitioner's gross income for the taxable period involved, May 1 to December 31, 1935, and the percentage of each item thereof to the total income was as follows:

| | Income | Percent |
|---|---|---|
| Interest on loans, notes, etc | $3,879.03 | 14.66 |
| Rent | 2,276.20 | 8.61 |
| Capital gain and loss | 2,087.78 | 7.89 |
| Recoveries | 270.57 | 1.01 |
| Profit in respect of liquidation of the Union Savings & Loan Association | [$17,949.49] 17,949.00 | 67.83 |
| Total | 26,462.58 | 100.00 |

At and for some time prior to October 16, 1935, the petitioner was the owner of all of the issued and outstanding capital stock of the Union Savings Building & Loan Association, an Arkansas corporation. After the payment of all its debts the association completely liquidated during the taxable period. On October 16, 1935, the entire assets of the association, consisting of cash, real estate, real estate mortgages, and accounts receivable, were distributed as a final liquidating dividend to petitioner. The fair market value on that date of such assets so received was not in excess of the amounts as follows:

| | |
|---|---|
| Cash | $1,784.27 |
| Real estate | 46,900.54 |
| Real estate mortgages | 79,452.62 |
| Accounts receivable | 17,923.68 |
| Total | $146,061.11 |

The cost basis of the entire stock of the association to petitioner was $128,111.62. Petitioner realized a gain upon the receipt of the final liquidating dividend of $17,949.49 ($146,061.11−$128,111.62).

On September 15, 1937, the petitioner paid to the collector of internal revenue $4,510.28 for the taxable period involved, of which amount $4,157.83 was on account of the surtax on personal holding companies imposed by section 351 of the Revenue Act of 1934, with interest thereon of $352.45. A claim for refund of the amount of $4,510.28 was filed with the collector of internal revenue for the district of Arkansas on December 3, 1938.

Section 351 (b) (1) of the Revenue Act of 1934 provides, in so far as applicable herein, that the term "personal holding company" means any corporation where:

\* \* \* (A) at least 80 per centum of its gross income for the taxable year is derived from royalties, dividends, interest, annuities, and (except in the case of regular dealers in stock or securities) gains from the sale of stock or securities, and (B) at any time during the last half of the taxable year more than 50 per centum in value of its outstanding stock is owned, directly or indirectly, by or for not more than five individuals.

The petitioner concedes that more than 50 percent of its outstanding stock during the latter half of the taxable period involved was owned directly or indirectly by or for not more than five individuals. The petitioner admits that its income derived from interest on loans, notes, etc., rent, recoveries, and capital gain, comprising 32.17 percent of its total income, should be included in determining the necessary 80 percent under provision (A). It contends, however, that the liquidating dividend of $17,949.49, comprising 67.83 percent of its total income, does not fall within any class of income mentioned in provision (A).

The respondent contends that the profit of $17,949.49 was derived from the exchange of stock for property and that the term "sale" in provision (A) should be construed to include an exchange as provided in article 351–2 (5) of Regulations 86, which provides in part as follows:

(5) *Gains from the sale of stock or securities.*—The term "gains from the sale of stock or securities" applies to all gains (including gains from liquidating dividends and other distributions from capital) from the sale or exchange of stock or securities includible in gross income under Title I.

The respondent refers to section 115 (c) of the Revenue Act of 1934 as warranting the construction given the term "sale" in article 351–2 (5). This section is in part as follows:

(c) DISTRIBUTIONS IN LIQUIDATION.—Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock, and amounts distributed in partial liquidation of a corporation shall be treated as in part or full payment in exchange for the stock.

While section 115 (c) may justify the designating of a distribution of a liquidating dividend an "exchange", it does not in our opinion warrant the extension of the meaning of the term "sale" in section 351 (b) (1) (A) to include exchanges.

The respondent made a similar contention in *Montague, Miles & Co.*, 38 B. T. A. 144, with respect to a payment on a note in excess of the unrecovered cost to taxpayer. In that case it was held that

"the term 'sale' in section 351 (b) (1) [1934 Act] means a sale in the ordinary sense of the word" and that:

\* \* \* article 351-2 (5) of Regulations 86 goes beyond the statutory definition set forth in section 351 (b) (1) of the Revenue Act of 1934 in so far as it makes gains from *exchanges* of stock or securities a factor in classifying companies as personal holding companies. To this extent that part of the regulation in question becomes legislative in character, rather than an administrative construction of legislation, and must, therefore, be invalid.

That case is controlling here. We therefore hold that the petitioner was not a personal holding company as defined in section 351 (b) (1) of the Revenue Act of 1934 during the taxable period involved and was not, therefore, subject to the surtax on personal holding companies imposed by section 351.

*Decision will be entered under Rule 50.*