HARRY R. THOMPSON, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 24387–84.    Filed April 8, 1985.

Harry R. Thompson, pro se.
*Diane L. Worland* and *Linda A. Dettery*, for the respondent.

OPINION

CANTREL, *Special Trial Judge*: This case is presently before the Court for hearing and consideration of its February 15, 1985, order to show cause why this case should not be dismissed for lack of jurisdiction by virtue of the provisions of 11 U.S.C. sec. 362(a)(8).[1] The case was called for hearing at the motions session of the Court at Washington, D.C., on March 13, 1985.

Respondent, in his notice of deficiency issued to petitioner on April 9, 1984, determined a deficiency in petitioner's 1980 Federal income tax in the amount of $5,170.71. Petitioner was a resident of Indianapolis, Indiana, at the time he filed his petition herein.

The question concerning the Court's jurisdiction arises from petitioner's filing a bankruptcy petition on March 24, 1982, in the United States Bankruptcy Court for the Southern District of Indiana (hereinafter called Bankruptcy Court). On November 23, 1982, Judge Nicholas Sufana of the Bankruptcy Court ordered that petitioner be discharged in bankruptcy. On December 5, 1983, Judge Sufana revoked the November 23, 1982, discharge so that two pending adversary proceedings pertaining to petitioner's bankruptcy suit could be resolved, and he ordered that Mr. Thompson's Case No. IP 82–1122 S remain open until the resolution of these other adversary proceedings.

On February 12, 1985, Judge Sufana issued a final discharge in bankruptcy under 11 U.S.C. chapter 7.[2]

Respondent mailed the notice of deficiency for the calendar year 1980 to petitioner on April 9, 1984. In reply thereto, on July 9, 1984, petitioner filed an improper petition with this Court. On July 27, 1984, the Court ordered petitioner to file a proper amended petition on or before September 27, 1984. Subsequent to the July 27, 1984, order, the Court became aware of an order issued by the Bankruptcy Court pertaining

---

[1] This case was assigned pursuant to Delegation Order No. 8 of this Court, 81 T.C. XXV (1983).

[2] This discharge order of Feb. 12, 1985, was virtually identical to that of Nov. 23, 1982. The only difference was the date.

to petitioner's bankruptcy action. On October 18, 1984, we ordered the parties to file reports containing the particulars of petitioner's bankruptcy action and further ordered that the Court's July 27, 1984, order requiring petitioner to file an amended petition be held in abeyance.[3] Then, on December 7, 1984, this Court issued an order for the parties to show cause in writing why this case should not be dismissed for lack of jurisdiction pursuant to 11 U.S.C. sec. 362(a)(8).[4]

Due to the confusion which arose in the parties' reports regarding Mr. Thompson's final date of discharge in bankruptcy, the Court on February 15, 1985, issued its order herein under consideration for the parties to show cause at the March 13, 1985, motions session why this case should not be dismissed for lack of jurisdiction pursuant to 11 U.S.C. sec. 362(a)(8).

When this case was called from the calendar for the Court's motion session no appearance was made by or on behalf of petitioner. However the Court did have before it for its consideration the two reports, which included the order revoking the discharge, submitted by petitioner in compliance with prior court orders. Counsel for respondent appeared and presented argument, at the conclusion of which the Court took the order to show cause under advisement.

Respondent now agrees that this case should be dismissed for lack of jurisdiction under 11 U.S.C. sec. 362(a)(8). We have previously considered the impact of 11 U.S.C. sec. 362(a)(8) in a somewhat different factual context. See *McClamma v. Commissioner*, 76 T.C. 754 (1981).[5] It is clear that this proceeding is governed by the provisions of the Bankruptcy Code, which was codified and enacted as title 11 of the United States Code on November 6, 1978, by Pub. L. 95–598, 92 Stat. 2549, and the amendments made to the Internal Revenue Code by the Bankruptcy Tax Act of 1980, Pub. L. 96–589, 94 Stat. 3389, 26 U.S.C. sec. 1, et seq., which was enacted on December 24, 1980.[6]

---

[3]Respondent and petitioner filed their reports on Nov. 27, 1984, and Dec. 3, 1984, respectively.

[4]In response to the Court's Dec. 7, 1984, order respondent filed a report with this Court on Dec. 27, 1984. Respondent abandoned the position taken in this report in his subsequent report filed on Mar. 8, 1985, and at the motions session in Washington, D.C., on Mar. 13, 1985. Consequently, we will not address the merits of respondent's Dec. 27, 1984, report. Petitioner filed his report on Feb. 11, 1985.

[5]See also *Ever Clean Services, Inc. v. Commissioner*, T.C. Memo. 1982–726.

[6]Both the Bankruptcy Code and Bankruptcy Tax Act of 1980 are effective for bankruptcy cases commenced after Oct. 1, 1979.

Section 362(a)(8) of title 11 provides for an automatic stay of "the *commencement* or continuation of a proceeding before the United States Tax Court concerning the debtor." (Emphasis added.) This provision essentially prohibits a debtor-taxpayer from filing a petition in this Court during the imposition of the stay. For an individual taxpayer the automatic stay remains in effect until the bankruptcy case is closed, dismissed, or a discharge is granted or denied.[7] 11 U.S.C. sec. 362(c)(2).

In these circumstances the automatic stay provisions of the Bankruptcy Code precluded petitioner from commencing a proceeding before the Tax Court until after February 12, 1985, the date the Bankruptcy Court granted a final discharge in bankruptcy. The improper petition filed on July 9, 1984, therefore, was filed in violation of the automatic stay provisions at a time when this Court could not acquire jurisdiction over Mr. Thompson. Accordingly, this case must be dismissed.

In order to invoke this Court's jurisdiction to contest his Federal income tax liability for 1980 petitioner must file a new petition. We agree with respondent that petitioner has 150 days from February 12, 1985, to file his petition. Section 6213(f), Internal Revenue Code of 1954, as amended,[8] provides that the running of the time for filing a petition in this Court shall be suspended for a period during which the debtor is prohibited from filing a petition in this Court (90 days under section 6213(a), I.R.C. 1954, as amended) and for 60 days thereafter. Since the bankruptcy proceeding was pending on account of the December 5, 1983, revocation at the time the deficiency notice was issued, the entire 90-day period was stayed. Ninety days plus the 60 days allowed after the automatic stay was lifted yields 150 days.

---

[7]Under 11 U.S.C. sec. 362(d), the bankruptcy judge may lift the stay upon request of a party in interest.

[8]Sec. 6213(f) provides—

SEC. 6213(f). COORDINATION WITH TITLE 11.—

(1) SUSPENSION OF RUNNING OF PERIOD FOR FILING PETITION IN TITLE 11 CASES.—In any case under title 11 of the United States Code, the running of the time prescribed by subsection (a) for filing a petition in the Tax Court with respect to any deficiency shall be suspended for the period during which the debtor is prohibited by reason of such case from filing a petition in the Tax Court with respect to such deficiency, and for 60 days thereafter.

(2) CERTAIN ACTION NOT TAKEN INTO ACCOUNT.—For purposes of the second and third sentences of subsection (a), the filing of a proof of claim or request for payment (or the taking of any action) in a case under title 11 of the United States Code shall not be treated as action prohibited by such second sentence.

Although the facts are different here partially because of the revocation of the first discharge, we find that our result is supported by *McClamma v. Commissioner, supra.* In *McClamma*, petitioner-husband filed a petition with the bankruptcy court 17 days after respondent issued a joint notice of deficiency for the 1977 taxable year. Thereafter a petition was filed in this Court. We concluded that the petition, insofar as it pertained to the husband, was filed in violation of the automatic stay provisions of the Bankruptcy Code, 11 U.S.C. sec. 362(a)(8). The Court further added the unexpired portion of the 90-day period provided by section 6213(a) (73 days) to the 60-day period provided by section 6213(f) to determine the time in which petitioner-husband could file a new petition with this Court.

To reflect the foregoing,

*An appropriate order will be issued.*