THEODORE V. OLSON AND SANDRA A. OLSON, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 29991-84.         Filed June 25, 1986.

*George Rabil* and *David Good*, for the petitioners.
*Linda Dettery* and *Thomas Meyerer*, for the respondent.

FEATHERSTON, *Judge*: This case was assigned pursuant to section 7456(d), Internal Revenue Code of 1954, as amended, and Rules 180, et seq., Tax Court Rules of Practice and Procedure, to Special Trial Judge Peter J. Panuthos for the purpose of conducting the hearing on respondent's motion to dismiss for lack of jurisdiction. After a review of the record, we agree with and adopt his opinion which is set forth below.

## OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, *Special Trial Judge*: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction filed August 12, 1985. The issue before the Court is whether petitioners timely filed their petition. In order to answer that question, we must determine at what point in time an order of dismissal from a bankruptcy court pursuant to 11 U.S.C. sec. 1112(b)(1) (1979)[1] terminates the automatic stay provided for in section 362(a)(8) which takes effect when a case is commenced in the bankruptcy court.

Respondent, in his notice of deficiency, determined the following deficiencies in petitioners' Federal income tax:

| Year | Deficiency | Addition to tax sec. 6653(a), I.R.C. 1954 |
|---|---|---|
| 1976 | $465,644.56 | $23,282.23 |
| 1977 | 261,602.56 | 13,080.13 |
| 1978 | 63,837.12 | 3,191.86 |

---

[1]All section references are to Title 11 of the United States Code, unless otherwise specified.

At the time of filing their petition, petitioners resided in Atkinson, Nebraska.

Petitioners filed a bankruptcy petition on March 1, 1982, in the U.S. Bankruptcy Court for the District of Nebraska (hereinafter bankruptcy court). On December 21, 1982, respondent issued the notice of deficiency. By order dated January 27, 1984, the bankruptcy court dismissed petitioners' bankruptcy case pursuant to section 1112(b)(1).[2] On January 31, 1984, the bankruptcy court entered the order of dismissal on its docket. On February 7, 1984, petitioners filed a motion for reconsideration of the order of dismissal, which the bankruptcy court denied on February 17, 1984. On February 23, 1984, petitioners appealed the denial of the motion for reconsideration and the bankruptcy court's order of dismissal to the U.S. District Court for the District of Nebraska (hereinafter District Court). On February 27, 1984, petitioners filed an emergency motion for order of stay pending appeal of the bankruptcy court's order of dismissal. On March 13, 1984, the District Court denied petitioners' motion for stay pending appeal, and on August 21, 1984, it affirmed the bankruptcy court's order of dismissal. Petitioners filed their petition in this Court on August 22, 1984.

Section 362(a)(8) provides for an automatic stay of "the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor." We have previously considered the impact of section 362(a)(8) in different factual circumstances, most recently in *Thompson v. Commissioner*, 84 T.C. 645 (1985); see also *McClamma v. Commissioner*, 76 T.C. 754 (1981).[3] In *Thompson* we held that revocation of a bankruptcy discharge precludes a taxpayer from filing in the Tax Court because of the prohibition imposed by section 362(a)(8). We have not previously considered the question of whether the automatic stay is extended for a period during which an order of

---

[2] Sec. 1112(b)(1) provides in pertinent part:

the court * * * may dismiss a case under this chapter, * * * for cause, including—

(1) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation.

[3] See also *Ever Clean Services, Inc. v. Commissioner*, T.C. Memo. 1982-726.

dismissal by the bankruptcy court is on appeal to the District Court.[4]

Petitioners argue that under *Thompson* their bankruptcy petition was not finally dismissed until the appeal was denied and, therefore, the automatic stay remained in effect until August 21, 1984 (the date on which their appeal was denied). Respondent argues that the bankruptcy court's order of dismissal terminated the automatic stay and that the time for filing a petition in the Tax Court began to run on January 27, 1984 (the date of the bankruptcy court's order). We agree with respondent's theory, but find that the operative date was January 31, 1984, the date on which the bankruptcy court's order of dismissal was entered on the docket.[5]

Section 362(c)(2)(B)[6] states that the automatic stay provided for in section 362(a)(8) continues until the case is dismissed. Petitioners urge the Court to find that their case was not dismissed from the bankruptcy court until their appeal was denied by the District Court. We are satisfied that Congress intended dismissal for purposes of section 362(c)(2)(B) to mean dismissal by the bankruptcy court and not appellate action by a District Court.[7] We have examined the legislative history of section 362(c)(2)(B) and conclude that nothing in the history indicates that we should

---

[4] We do not have the question before us of whether the automatic stay remains in effect during the pendency of a motion for reconsideration of an order of dismissal or during the pendency of a motion for stay pending appeal. The facts as presented here are that the 150-day period would have run using either date (Feb. 17, 1984, or Mar. 13, 1984).

[5] The bankruptcy court dismissed petitioners' case under sec. 1112(b)(1). Its order dismissing the case was dated Jan. 27, 1984, and entered on its docket Jan. 31, 1984. An order of dismissal under sec. 1112(b)(1) is an appealable order. See, e.g., *In re Garland Corp.*, 6 B.R. 456 (Bankr. 1st Cir. 1980); *In re Pinellas Motel Partnership*, 5 B.R. 269 (Bankr. M.D. Fla. 1980). The order, therefore, constitutes a "judgment" under rule 9001(7), Rules of Bankruptcy Procedure (hereinafter R.B.P.). The "judgment" is not effective until "entered." Rule 9021(a), R.B.P. Entry appears to be the same as recordation upon the docket. Rule 5003(a), R.B.P.

[6] Sec. 362(c)(2)(B) provides:

(c) Except as provided in subsections (d), (e), and (f) of this section—

\*       \*       \*       \*       \*       \*       \*

(2) the stay of any other act under subsection (a) of this section continues until the earliest of—

\*       \*       \*       \*       \*       \*       \*

(B) the time the case is dismissed \* \* \*

[7] We note that Collier on Bankruptcy concludes that the language of sec. 362 is "clear and unambiguous." 2 W. Collier Bankruptcy, par. 362.06, at. 362-48 (15th ed. 1985).

construe the word "dismissal" in the manner suggested by petitioners.[8]

The result we reach here is consistent with Congress' intent regarding the automatic stay and dismissal. The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws; it is designed to provide a debtor with a breathing spell from his creditors. *S. Rept. 95-989, 340 (1978), 5 U.S. Cong. & Admin. News 6296 (1978).* This breathing spell is secured by means of the automatic stay; however, a breathing spell by its very nature is impermanent. Thus, it terminates when the stay does, in some instances, as here, upon a dismissal by the bankruptcy court.

The bankruptcy rules reflect this basic rule, that the automatic stay expires upon dismissal of a case, by requiring that a party obtain a stay pending appeal of a judgment of the bankruptcy court. Rule 8005, R.B.P. Absent any order pursuant to rule 8005, R.B.P., staying the dismissal, the automatic stay terminates upon dismissal. *In re Weathersfield Farms, Inc.*, 34 B.R. 435, 439 (Bankr. D. Vt. 1983); see also *In re De Jesus Saez*, 721 F.2d 848 (1st Cir. 1983); *In re Harry Bluford*, 40 B.R. 640 (Bankr. W.D. Mo. 1984).[9]

Section 6213(f),[10] I.R.C. 1954, as amended, provides that the running of the time for filing a petition in the Tax

---

[8] Title 11 of the United States Code (the Bankruptcy Code) contains no provision similar to sec. 7481 of the Internal Revenue Code of 1954, as amended, which provides that if no appeal is taken from a Tax Court decision, the Tax Court decision becomes final upon the expiration of a period of 90 days after the decision is entered, i.e., the time allowed for filing a notice of appeal. Sec. 7481(a)(1), I.R.C. 1954. If a Tax Court decision is appealed and affirmed, it becomes final upon expiration of the time allowed for filing a petition for certiorari. Sec. 7481(a)(2)(A), I.R.C. 1954.

[9] Upon a final judgment, order, or decree entered in a case by a bankruptcy judge, the Rules of Bankruptcy Procedure provide that an appeal must be taken to a District Court or bankruptcy appellate panel within 10 days of the date of entry of the judgment, order, or decree appealed from. See rules 8001(a) and 8002(a), R.B.P. If such an appeal is made, a motion for stay of the judgment, order, or decree must be made in the bankruptcy court. Rule 8006, R.B.P. The bankruptcy rules which implement the statutory scheme set out by Congress in title 11 require generally that a party obtain a stay pending appeal from the bankruptcy court. This provision would be unnecessary and superfluous were we to accept petitioners' argument.

[10] Sec. 6213(f), I.R.C. 1954, provides as follows:

(f) COORDINATION WITH TITLE 11.—

(1) SUSPENSION OF RUNNING OF PERIOD FOR FILING PETITION IN TITLE 11 CASES.—In any case under title 11 of the United States Code, the running of the time prescribed by subsection (a) for filing a petition in the Tax Court with respect to any deficiency shall be suspended for the period during which the debtor is prohibited by reason of such case from filing a petition in the Tax Court with respect to such deficiency, and for 60 days thereafter.

Court shall be suspended for the period during which the debtor is prohibited from filing a petition in this Court and for 60 days thereafter. *Thompson v. Commissioner*, 84 T.C. at 648; *McClamma v. Commissioner*, 76 T.C. at 758. Because the notice of deficiency was issued on December 21, 1982, during the pendency of the bankruptcy proceeding, petitioners had 150 days from January 31, 1984, to file their petition in the Tax Court. They filed in this Court on August 22, 1984, which was 204 days after the dismissal of their bankruptcy case. Since petitioners failed to file a timely petition, we have no jurisdiction to review the Commissioner's deficiency determinations. See *Thompson v. Commissioner, supra; McClamma v. Commissioner, supra.* Accordingly, respondent's motion to dismiss for lack of jurisdiction will be granted.[11]

*An appropriate order will be entered.*

(2) CERTAIN ACTION NOT TAKEN INTO ACCOUNT.—For purposes of the second and third sentences of subsection (a), the filing of a proof of claim or request for payment (or the taking of any other action) in a case under title 11 of the United States Code shall not be treated as action prohibited by such second sentence.

[11] Since we have reached our decision on the foregoing grounds, we need not address respondent's other arguments.

