JAMES R. CLARK AND LILA V. CLARK, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 31368-83.     Filed January 21, 1988.

*Melvin M. Engel,* for the petitioners.
*Ana G. Cummings,* for the respondent.

OPINION

TANNENWALD, *Judge*: Respondent determined deficiencies in petitioners' Federal income tax as follows:

| Year | Deficiency | Sec. 6653(a)[1] | Sec. 6654 |
|------|-----------|------------------|-----------|
| | | *Additions to tax* | |
| 1974 | $585,488.12 | $29,274.40 | $18,693.93 |
| 1975 | 86,591.06 | 4,329.55 | 3,730.16 |
| 1978 | 11,481.11 | 574.06 | 328.48 |
| 1979 | 1,642.00 | 0 | 0 |

After concessions by the parties, the sole issue for decision is whether the deficiencies for 1974, 1975, and 1978 are barred by the statute of limitations.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect in the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The facts have been fully stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference.

Petitioners are husband and wife whose legal residence was Danbury, Texas, at the time they filed their petition herein. Pursuant to extensions granted by respondent, they timely filed joint Federal income tax returns with the Internal Revenue Service Center in Austin, Texas, for 1974, 1975, and 1978, on October 15, 1975, July 12, 1976, and June 15, 1979, respectively. Consents were executed, pursuant to section 6501(c)(4), to extend the statute of limitations for the years 1974 and 1975 to June 30, 1982.

On March 8, 1982, petitioners filed a petition in Bankruptcy Court under Chapter 7 of the Bankruptcy Code (title 11 of the United States Code), thereby triggering the automatic stay provisions of 11 U.S.C. section 362. On or about the same day, petitioners advised respondent that they had filed that petition.

A meeting of creditors was held on June 21, 1982. The Bankruptcy Court's list of appearances does not show that respondent had a representative at this meeting, although he did have notice of it. Respondent did not file a proof of claim in the Bankruptcy Court. On August 31, 1982, an order entitled "Discharge of Debtor," was entered on the docket of the Bankruptcy Court.

On October 12, 1982, petitioners filed an amendment to the list of unsecured creditors that was part of their Bankruptcy Court petition, adding several creditors to the list. One creditor objected to the amendment, but the amendment was allowed by the Bankruptcy Court on December 29, 1982.

On April 11, 1983, the Bankruptcy Court sent a notice of petitioners' discharge to all creditors, including respondent. Respondent issued his statutory notice of deficiency on August 4, 1983.

This case presents a narrow question of the interplay between the statute of limitations provisions of the Internal Revenue Code and the automatic stay provisions of the Bankruptcy Code.

In general, the Internal Revenue Code provides that taxes must be assessed within 3 years from the time a return is

filed. Sec. 6501(a).[2] The limitations period may be extended by agreement. Sec. 6501(c)(4). Finally, the running of the limitations period "shall, in a case under title 11 of the United States Code, be suspended for the period during which the Secretary is prohibited by reason of such case from making the assessment * * * and * * * [for] 60 days thereafter." Sec. 6503(i).[3]

Section 362 of the Bankruptcy Code provides for an automatic stay under which most collection efforts against the debtor are suspended. The stay begins when the petition in bankruptcy is filed and, while in effect, operates to prevent the assessment of tax. 11 U.S.C. sec. 362(a) (1982).[4] With exceptions not relevant here, the stay continues until the earliest of the time the case is closed or dismissed, or discharge is granted or denied. 11 U.S.C. sec. 362(c)(2) (1982).[5] See also *In re Berry,* 11 Bankr. 886 (Bankr. W.D. Pa. 1981). As an exception to the stay, respondent may issue a notice of deficiency, even though he may not move to assess or collect those taxes. 11 U.S.C. sec. 362(b)(8) (1982) (now 11 U.S.C.A. sec. 362(b)(9) (West Supp. 1987)).[6]

Applying these provisions to the facts of this case, if a Bankruptcy Court petition had not been filed, the statute of limitations would have run for 1974 and 1975 on June 30,

---

[2]We will refer to the time during which the assessment of taxes is not time-barred as the limitations period.

[3]We will refer to the time period during which the Secretary is prohibited from assessing tax as the suspension period.

[4]This section provides:

(a) Except as provided in subsection (b) of this section, a petition filed under * * * this title * * * operates as a stay, applicable to all entities, of —

\* \* \* \* \* \* \*

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title * * *

[11 U.S.C. sec. 362(a) (1982).]

[5]This section provides:

(2) the stay * * * under subsection (a) of this section continues until the earliest of—

(A) the time the case is closed;

(B) the time the case is dismissed; and

(C) if the case is a case under chapter 7 of this title concerning an individual * * * the time a discharge is granted or denied.

[11 U.S.C. sec. 362(c)(2) (1982).]

[6]This section provides:

(b) The filing of a petition under * * * this title * * * does not operate as a stay—

\* \* \* \* \* \* \*

(8) under subsection (a) of this section, of the issuance to the debtor by a governmental unit of a notice of tax deficiency.

[11 U.S.C. sec. 362(b)(8) (1982).]

1982 (the date to which the limitations period was extended), and for 1978 on June 15, 1982 (3 years after the return was filed). On March 8, 1982, the date that such petition was filed and the automatic stay went into effect, 114 days of the limitations periods for 1974 and 1975 remained, and 99 days of the limitations period for 1978 remained. These time periods, as well as the additional 60 days allowed by section 6503(i), should be tacked to the end of the suspension period to determine the end of the limitations period. See *Thompson v. Commissioner,* 84 T.C. 645, 648 (1985).

The precise question presented is when the suspension period ends. Petitioners argue the it ends on the date that the automatic stay ends—that is, in this case, the date that discharge was granted. Respondent, on the other hand, argues that it ends on the date that he receives notice of the discharge. We agree with petitioner.

Initially, the language of the statute supports petitioner. Section 6503(i) refers to the time during which respondent is prohibited from assessing tax. He is so prohibited while the automatic stay is in effect. There is nothing in the Internal Revenue Code or in the Bankruptcy Code that indicates that the prohibition continues despite the discharge, because the creditor (in this case, respondent) is unaware that the stay has been lifted.

The legislative history of section 6503(i) supports this reading. The Senate Finance Committee report states that the statute of limitations is suspended "if * * * the Internal Revenue Service is prohibited for a period of time by reason of a bankruptcy case from assessment or collection of tax (for example, because of the automatic stay under new 11 U.S. Code sec. 362(a)(6))." S. Rept. 96-1035, at 50 (1980), 1980-2 C.B. 620, 645. The House report contains similar language. H. Rept. 96-833, at 45 (1980). Both reports seem to equate the suspension period with the period during which the automatic stay is in effect.

Our interpretation of the the words "prohibited by reason of such case" when they appear in other sections that coordinate the Internal Revenue Code with the Bankruptcy Code also supports this reading. Under section 6213(f), the running of the time for a debtor filing a petition in this

Court is suspended while the debtor is prohibited from making such a filing by reason of a title 11 case.[7] We have stated that that suspension period ends on the date that the discharge is granted and that, at that time, the debtor would be able to file a petition in this Court. See *Thompson v. Commissioner*, 84 T.C. at 648. Furthermore, in *Olson v. Commissioner*, 86 T.C. 1314 (1986), we held that an automatic stay was lifted on the date the Bankruptcy Court entered an order of dismissal and did not remain in effect pending disposition of an appeal of that order.

The thrust of respondent's argument is that the discharge was not final, and therefore the suspension period did not end, until the creditors received notice of discharge and that, in any event, he was prohibited by reason of the automatic stay from assessing tax because he had not received notice that the stay was lifted. There is nothing in either the Internal Revenue Code or the Bankruptcy Code to support this result. Respondent seeks sustenance for his position from Bankruptcy rule 404(h) (now Bankruptcy rule 4004(g)), which, as in effect during 1982, required that the clerk of the Bankruptcy Court send notice of the discharge of the debtor to the creditors within 45 days of discharge.[8] Respondent makes much of the fact that this notice was delayed for several months, and notes that during that time the automatic stay could have been reinstated.[9]

We think that respondent's reliance on the notice provision of rule 404(h) is misplaced. While respondent's lack of knowledge of the discharge clearly had an impact upon his ability to issue a notice of deficiency, he was not prohibited from doing so. The notice provision is for the benefit of

---

[7]The prohibition on a debtor filing a petition in this Court is part of the automatic stay provisions. 11 U.S.C. sec. 362(a)(8) (1982).

[8]This Bankruptcy rule sets out the procedure for granting the discharge, covering several notice and timing matters. Rule 404(h) provided: "Within 45 days after an order of discharge of an individual bankrupt becomes final, the court shall mail a copy of such order to the persons specified in subdivision (b) of this rule." Those persons are the creditors, the trustee, and the trustee's attorney. Bankruptcy rule 404(b). We note that there is a reference to the order of discharge becoming "final," without definition of that term. In *Olson v. Commissioner*, 86 T.C. 1314, 1317 (1986), we held that the order of discharge became final on its entry on the docket of the Bankruptcy Court.

[9]The automatic stay was never actually reinstated after the discharge was granted. While the stay may be reinstated, for example, if the debtor's discharge is revoked (see *Thompson v. Commissioner, supra*), we do not think it follows that an amendment to the Bankruptcy Court petition reinstates a stay and, in any event, action by the Bankruptcy Court would appear to be required.

creditors who hold the discharged debts, so that they will not try to enforce those debts and risk contempt proceedings. 3 W. Collier, Bankruptcy 524-18 through 524-19 (15th ed. 1987). After the debtor's discharge, respondent held a still-valid debt and therefore was not exposed to any potential contempt charge.

We also note that under 11 U.S.C. section 362(b)(8) (see note 6 *supra*), respondent is permitted to issue a notice of deficiency while an automatic stay is in effect. This enables respondent to place the burden of going forward on the petitioner to file a petition in the Tax Court, although respondent would presumably still have to keep track of the bankruptcy and the lifting of the automatic stay in order to protect his position in the event that the taxpayer were to choose not to file a petition.

Under the foregoing circumstances, we are not disposed to rewrite the statutory language involved herein in order to encompass the notice provision of the Bankruptcy rules as a condition for lifting of the automatic stay. Cf. *Helvering v. Rebsamen Motors, Inc.,* 128 F.2d 584 (8th Cir. 1942), affg. 44 B.T.A. 36 (1941); *Bilingual Montessori School of Paris v. Commissioner,* 75 T.C. 480 (1980). In this connection, respondent's attempt to find support in the doctrine that statutes of limitation should be strictly construed in favor of the Government (see *Badaracco v. Commissioner,* 464 U.S. 386, 391-392 (1984)), borders on the ludicrous. To ask us to apply that doctrine under the circumstances of this case is analogous to suggesting that one ought to ride a bicycle while standing on one's head.

In summary, we think that, in light of the language of the statutory provisions, the legislative history of the limitation provision, and our prior interpretation of identical language in another Code section, the suspension period ended, and the limitations period began to run, on the date that the automatic stay was lifted. The automatic stay was lifted by the discharge granted on August 31, 1982; 174 days after that date—February 21, 1983—the limitations period for 1974 and 1975 expired. 159 days after August 31, 1982—February 6, 1983—the limitations period expired for 1978. Respondent's notice of deficiency was not issued until

August 4, 1983. His claim for all 3 years is therefore barred by the statute of limitations.

*Decision will be entered under Rule 155.*