ARCHIE McROY NICHOLS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nichols v. Commissioner
Docket No. 10880-87.
United States Tax Court
T.C. Memo 1988-257; 1988 Tax Ct. Memo LEXIS 284; 55 T.C.M. (CCH) 1071; T.C.M. (RIA) 88257; June 14, 1988. *284 Held: Petition dismissed since it was filed during the period in which a stay was in effect pursuant to 11 U.S.C. sec. 362(a)(8) (1982). Archie McRoy Nichols, pro se. Richard Marsh, for the respondent. WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: By statutory notice dated January 29, 1987, respondent determined a deficiency in petitioner's 1984 Federal income taxes in the amount of $ 15,903.45. Respondent further determined an addition to tax pursuant to section 6661 [1] in the amount of $ 3,975.85. This case is presently before the Court on respondent's motion to dismiss for lack of jurisdiction. For convenience our Findings of Fact and Opinion are combined. At the time he filed his petition herein, petitioner was a resident of Silver Spring, Maryland. On January 14, 1987, petitioner filed a voluntary petition in the United States Bankruptcy Court for the District of Maryland. Petitioner was discharged in bankruptcy on May 8, 1987. Petitioner filed his *286 petition in this Court on April 29, 1987, at the time when the stay imposed by the Bankruptcy Court pursuant to section 362(a) of the Bankruptcy Code was in effect. On March 2, 1988, respondent filed his motion to dismiss on the grounds that we lack jurisdiction over this proceeding. On March 3, 1988, we issued an order directing petitioner to show cause why this case should not be dismissed for lack of jurisdiction. Petitioner filed his written response to respondent's motion on March 14, 1988, to which respondent replied on March 18, 1988. Section 362(a)(8) of the Bankruptcy Code (Title 11, United States Code) provides that the filing of a bankruptcy petition operates as a stay of "the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor." The plain language of section 362(a)(8) refutes petitioner's argument that the Bankruptcy Code's stay provisions, which were intended to operate for the protection of the debtor, apply only to proceedings commenced against the debtor. Contrary to petitioner's argument, section 362(a)(8) prohibits this Court from entertaining a proceeding commenced *287 during the pendency of a bankruptcy proceeding. As we stated in McClamma v. Commissioner,76 T.C. 754, 757 (1981), "[Section 362(a)(8)] essentially prohibits a debtor-taxpayer from filing a petition in this Court during the imposition of the stay, which remains in effect until the bankruptcy proceedings are terminated or until the bankruptcy judge chooses to lift the stay." (Fn. ref. omitted.) We went on to hold that the taxpayer's petition, which was filed during the pendency of the bankruptcy proceeding, "was filed in violation of the automatic stay provisions and is invalid." [2]
*288 Similarly, in this case the petition is invalid and does not give this Court jurisdiction over petitioner. Our examination reveals petitioner's other arguments to be without merit. Respondent's motion will be granted. An appropriate order will be entered.
Footnotes
1. Unless otherwise indicated all section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. The proceedings stayed by section 362(a) of the Bankruptcy Code (Title 11, United States Code) are subject to the exceptions listed in section 362(b). While the commencement or continuation of a proceeding in this Court is stayed by section 362(a)(8), respondent may still issue a statutory notice of deficiency during the pendency of a bankruptcy proceeding. Since the running of the 90-day period under section 6213(a) is suspended by the pendency of the bankruptcy proceeding, a taxpayer may have up to 150 days after that proceeding's termination within which to petition this Court. See Olson v. Commissioner,86 T.C. 1314 (1986). Sec. 362(b)(9)↩.