THEODORE J. ADAMS AND JUDY F. ADAMS, ET AL., [1] Petitioners V. COMMISSIONER OF INTERNAL REVENUE, Respondent Adams v. Commissioner
Docket Nos. 42256-86; 42257-86; 42258-86.
United States Tax Court
T.C. Memo 1988-317; 1988 Tax Ct. Memo LEXIS 345; 55 T.C.M. (CCH) 1323; T.C.M. (RIA) 88317; July 26, 1988. Theodore J. Adams, pro se. Edward N. George, for the respondent. PARR
MEMORANDUM OPINION PARR, Judge: These cases are presently before the Court on respondent's motions to dismiss for lack of jurisdiction as to petitioner Theodore J. Adams (Mr. Adams) in docket Nos. 42256-86 and 42258-86, notices of proceeding in bankruptcy as to petitioner Judy F. Adams (Mrs. Adams) in docket Nos. 42256-86 and 42257-86, and a motion to continue as to all dockets. On June 20, 1988, a hearing was held on these matters. Petitioners did not appear. For the reasons set forth below, we *346 grant respondent's motions to dismiss as to Mr. Adams and we stay proceedings as to Mrs. Adams. At the time of filing the petitions herein, Mr. Adams was a resident of New Orleans, Louisiana, and Mrs. Adams was a resident of Metairie, Louisiana. On July 15, 1986, Mr. Adams filed a petition for relief under Chapter 11 of the Bankruptcy Code (11 U.S.C. Chapter 11) in the United States Bankruptcy Court for the Eastern District of Louisiana. Upon filing the Chapter 11 petition, an automatic stay went into effect pursuant to 11 U.S.C. sec. 362 (1982). Under 11 U.S.C. sec. 362(a)(8) (1982), petitioner was prohibited from commencing or continuing any Tax Court proceeding. Respondent, however, was not precluded from issuing a notice of deficiency while the automatic stay was in effect. 11 U.S.C. sec. 362(b)(8) (1982). The notices of deficiency in these cases were issued on July 29, 1986. Mr. and Mrs. Adams filed their petitions in the Tax Court to redetermine those deficiencies on October 28, 1986. Mr. Adams' petition in bankruptcy was dismissed on January 5, 1987, and the automatic stay was ordered lifted on January 21, 1987. *347 Mr. Adams' Tax Court petition was therefore filed in violation of 11 U.S.C. sec. 362(a)(8) (1982). Where a taxpayer's petition is filed in violation of the automatic stay provision, it is invalid, giving us no jurisdiction to hear his case. McClamma v. Commissioner,76 T.C. 754 (1981). Section 6213 [2] sets forth the time for filing petitions in this Court. In general, a petition must be filed within 90 days after the mailing of a notice of deficiency. Section 6213(a). However, where a taxpayer is in bankruptcy, the 90-day period for filing the petition is suspended while the automatic stay is in effect, and for 60 days thereafter. Section 6213(f). Therefore, Mr. Adams could have filed proper petitions during the period January 21, 1987 to June 22, 1987. See Olson v. Commissioner,86 T.C. 1314 (1986). He failed to do so. Although he did not appear at the hearing, Mr. Adams, an attorney appearing pro se, participated in a conference call with respondent and the Court on June 17, 1988, in *348 which he advanced certain defenses to respondent's motions. First, Mr. Adams argued that he did not know he was prohibited from filing a Tax Court petition while he was in bankruptcy. This argument is clearly without merit. It is often said that "ignorance of the law is no excuse." Second, Mr. Adams contended that the Tax Court, having received his petitions too early, should have "refiled" them for him at the appropriate time. We rejected the same argument in Ever Clean Services, Inc. v. Commissioner,T.C. Memo. 1982-726, stating: To treat the petition in this manner would to a certain extent countenance an action taken in violation of an express prohibition of a Federal statute. We instead consider the petition as invalid from the moment of filing, and not thereafter susceptible to resurrection. Accordingly, no valid petitions were filed by Mr. Adams. Since a valid petition is a prerequisite to our jurisdiction, we have no choice but to grant respondent's motions to dismiss as to Mr. Adams. With regard to Mrs. Adams, no automatic stay was in effect on October 28, 1986, at the time she filed her Tax Court petitions. However, on May 13, 1987, Mrs. Adams *349 filed a voluntary petition under Chapter 11. Pursuant to 11 U.S.C. sec. 362(a)(8) (1982), all proceedings in this Court as to Mrs. Adams must be stayed until such time as the automatic stay is lifted by the Bankruptcy Court. To reflect the foregoing, An appropriate order will be issued in docket Nos. 42256-86 and 42257-86.
An appropriate order of dismissal for lack of jurisdiction will be entered in docket No. 42258-86.
Footnotes
1. Cases of the following petitioners are consolidated herewith: Judy F. Adams, docket No. 42257-86 and Theodore J. Adams, docket No. 42258-86. ↩
2. Unless otherwise indicated, all section references are to the Internal Revenue Code as in effect during the years at issue. ↩