T.C. Memo. 1997-272


UNITED STATES TAX COURT


CHARLES CRELLIN DOUGLASS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 26194-96.                     Filed June 16, 1997.


Charles Crellin Douglass, pro se.

<u>Nancy Graml</u>, for respondent.


MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  This matter is before us on respondent's
motion to dismiss this case for lack of jurisdiction (respon-
dent's motion) over petitioner's (1) taxable year 1991 because
the petition was not timely filed and (2) taxable year 1995
because respondent did not issue a notice of deficiency for that
year to petitioner.  We conclude that this Court has no jurisdic-

tion over either 1991 or 1995.

## Background

Petitioner resided in Houston, Texas, at the time he filed the petition in this case on December 9, 1996.  In that petition, petitioner disputed a deficiency, an addition to tax under section[1] 6651(a)(1), and a penalty under section 6662 that were determined by respondent in a notice of deficiency issued to him for 1991 (1991 notice).  He also disputed a deficiency and a penalty that he alleged were determined in a notice of deficiency issued to him for 1995.

The record in this case establishes, and the parties concede, the following facts:

On December 15, 1994, petitioner filed for bankruptcy (petitioner's bankruptcy case) in the U.S. Bankruptcy Court for the Southern District of Texas, Houston Division (Bankruptcy Court).  On October 19, 1995, respondent mailed to petitioner the 1991 notice.  That notice stated in pertinent part:

> Even though you are in bankruptcy, you may want to contest this deficiency in the United States Tax Court. Under Bankruptcy Code section 362(a)(8), however, the filing of a petition with the Tax Court is automatically stayed because of your bankruptcy case.  When the automatic stay is in effect, you must ask the Bankruptcy Court (under Bankruptcy Code section 362(d)(1)) to lift the stay so you can file a petition with the Tax Court.  You have 90 days from the date of this letter (150 days if the letter is addressed to you outside the United States), plus any additional period

---

[1] All section references are to the Internal Revenue Code in effect at relevant times.

provided by section 6213(f)(1) of the Internal Revenue Code (IRC) (generally, the period that the automatic stay is in effect, plus 60 days) to file a petition with the Tax Court asking for a redetermination of the deficiency.

In total disregard of the foregoing statements in the 1991 notice, on January 26, 1996, while petitioner was in bankruptcy, he filed a petition in this Court with respect to the 1991 notice, and that case was assigned docket No. 1572-96. On May 24, 1996, this Court dismissed the case at docket No. 1572-96 for lack of jurisdiction because the petition in that case was filed in violation of the automatic stay imposed by 11 U.S.C. sec. 362(a)(8) (1994).

On May 3, 1996, the Bankruptcy Court entered an order in petitioner's bankruptcy case discharging petitioner (discharge order). On May 13, 1996, petitioner filed with the Bankruptcy Court a motion to vacate the discharge order, which is still pending before that court.

On or about August 28, 1996, petitioner filed his Federal income tax return (return) for 1995 in which he reported tax due of $3,416 that he did not pay. The Internal Revenue Service (Service) assessed that amount of tax due. By notice dated November 4, 1996, the Service requested petitioner to pay the tax due for 1995, plus interest and a penalty. By final notice of intent to levy dated January 22, 1997, the Service again re- quested full payment of the tax, interest, and penalty for petitioner's taxable year 1995 and also requested full payment of

the taxes, interest, and penalties for other taxable years of petitioner, including 1991.

The record also establishes, although petitioner disputes, that the Service received petitioner's return for 1991 on October 23, 1992.[2]

Respondent represents in respondent's motion, and petitioner concedes and/or does not dispute, that respondent did not issue to petitioner a notice of deficiency for 1995 and that counsel for respondent notified the Service's revenue officer to cease collection of any tax liabilities of petitioner for his taxable years 1991 and 1995 pending a ruling by this Court on respondent's motion.

## Discussion

With respect to petitioner's taxable year 1991, although the 1991 notice was timely mailed to petitioner on October 19, 1995, 11 U.S.C. sec. 362(a)(8) (1994) imposed an automatic stay on proceedings in this (and any other) Court during the pendency of petitioner's bankruptcy case that he commenced on December 15, 1994.  On May 3, 1996, the date on which the Bankruptcy Court discharged petitioner, that automatic stay was lifted, even though petitioner thereafter filed a motion to vacate the discharge order.  See Olson v. Commissioner, 86 T.C. 1314 (1986).

---

[2]  Petitioner contends that the Service received his 1991 return on Oct. 20, 1992.  Even if that contention were accurate, it would have no effect on our conclusion regarding petitioner's taxable year 1991.

Consequently, the running of the 90-day period prescribed by section 6213(a) for filing a petition in this Court with respect to the 1991 notice was suspended for the period during which the automatic stay was in effect (namely, from December 15, 1994, to May 3, 1996), and for 60 days thereafter. See sec. 6213(a), (f)(1). Accordingly, petitioner had a total of 150 days from May 3, 1996, or until September 30, 1996, within which to file timely a petition in this Court with respect to the 1991 notice. See id. Petitioner filed his petition in this case on December 9, 1996. We conclude that that petition was not timely filed and that this Court has no jurisdiction over petitioner's taxable year 1991. See secs. 6212 and 6213.

With respect to petitioner's taxable year 1995, respondent represents in respondent's motion, and petitioner concedes, that respondent did not issue to petitioner a notice of deficiency for that year. Accordingly, we conclude that this Court has no jurisdiction over petitioner's taxable year 1995. See secs. 6212 and 6213.

To reflect the foregoing,

> An appropriate Order granting respondent's motion, as supplemented, and dismissing this case for lack of jurisdiction will be entered.