## JOHN PETER GALANIS, PETITIONER v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21107-86.     Filed January 17, 1989.

*Susan Wynne,* for the petitioner.
*Stephen C. Best,* for the respondent.

### OPINION

FAY, *Judge:* This case was heard by Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7443A of the Code.[1] The Court agrees with and adopts the Special Trial Judge's opinion, which is set forth below.

### OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, *Special Trial Judge:* This case is before the Court on petitioner's motion for summary judgment. The sole issue for decision is whether the period for assessment expired under the statute of limitations with respect to petitioner's taxable years 1977 and 1978, prior to the issuance of the notice of deficiency.

The facts of this case are not in dispute. Petitioner filed his Federal income tax returns for the taxable years 1977 and 1978 on October 13, 1978, and October 22, 1979, respectively. On May 1, 1980, an involuntary petition under chapter 7 of title 11, U.S.C., United States Bankruptcy Code, naming petitioner as debtor, was filed with the U.S.

---

[1]This case was assigned pursuant to sec. 7443A and Rule 180. All section references are to the Internal Revenue Code as amended and in effect during the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Bankruptcy Court for the District of Connecticut. On that same date, the Bankruptcy Court appointed Arthur Gerstle as interim trustee. Thereafter, pursuant to section 6036, Gerstle notified respondent of his qualification as trustee. Respondent did not file a proof of claim against petitioner's bankruptcy estate for the deficiencies in income tax for the taxable years 1977 and 1978. Further, neither petitioner nor the bankruptcy trustee ever consented to extend the period of limitation for assessment and collection of the tax for the taxable years 1977 and 1978.

By order dated November 9, 1984, the Bankruptcy Court dismissed petitioner's bankruptcy case. On March 21, 1986, respondent issued a notice of deficiency to petitioner determining deficiencies in petitioner's Federal income tax for the taxable years 1977 and 1978 in the amounts of $266,252 and $401,120, respectively. Petitioner filed a timely petition herein.[2] Petitioner filed an amended petition alleging that the period of limitations on assessment of tax for 1977 and 1978 had expired prior to the issuance of the notice of deficiency.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials of "phantom factual questions." *Cox v. American Fidelity & Casualty Co.,* 249 F.2d 616, 618 (9th Cir. 1957); *Shiosaki v. Commissioner,* 61 T.C. 861, 862 (1974). Summary judgment is not a substitute for trial in that disputes over factual issues are not to be resolved in such proceedings. *Naftel v. Commissioner,* 85 T.C. 527 (1985); *Espinoza v. Commissioner,* 78 T.C. 412, 416 (1982); *Matson Navigation Co. v. Commissioner,* 67 T.C. 938 (1977); *Giordano v. Commissioner,* 63 T.C. 462 (1975). Rule 121(a) provides that "either party may move, with or without supporting affidavits, for a summary adjudication in his favor upon all or any part of the legal issues in controversy." Rule 121(b) provides that "A decision shall thereafter be rendered if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."

---

[2]At the time of filing the petition herein, petitioner resided at Greenwich, Connecticut.

Here, there is no dispute as to any factual matter. Rather, the only question to be decided is a matter of law.

Section 6501(a) provides that taxes must be assessed within 3 years after a return is filed. Section 6503(i) provides that the running of the period of limitations "shall, in a case under title 11 of the United States Code, be suspended for the period during which the Secretary is prohibited by reason of such case from making the assessment * * * and * * * [for] 60 days thereafter."

Section 362 of the Bankruptcy Code provides for an automatic stay under which most collection efforts against the debtor are suspended. The stay begins when the petition in bankruptcy is filed and, while in effect, operates to prevent the assessment of tax. 11 U.S.C. sec. 362(a) (1982). With exceptions not relevant here, the stay continues until the earliest of the time the case is closed or dismissed, or a discharge is granted or denied. 11 U.S.C. sec. 362(c)(2) (1982). See also *In Re Berry,* 11 Bankr. 886 (Bankr. W.D. Pa. 1981). As an exception to the stay, respondent *may* issue a notice of deficiency even though he may not move to assess or collect those taxes. *Clark v. Commissioner,* 90 T.C. 68 (1988); 11 U.S.C. sec. 362(b)(8) (1982) (now 11 U.S.C.A. sec. 362(b)(9) (West Supp. 1987)).

Respondent argues that under section 6503(i), the running of the period of limitations was suspended during the period in which the automatic stay was in effect and for 60 days thereafter. Thus, under respondent's theory, the running of the period of limitations was initially suspended from May 1, 1980, until November 9, 1984. Respondent then tacks on the unexpired period remaining for assessment plus 60 days. Consequently, if respondent's position is accepted, the notice of deficiency issued on March 21, 1986, is timely. Petitioner does not dispute respondent's computation.

Petitioner argues, however, that section 6503(i) does not control the suspension of the period of limitations. Rather, petitioner argues that the relevant statutes are sections 6036 and 6872. Section 6036 provides that a trustee in bankruptcy must give notice of his qualification to respondent unless excepted by regulation. Section 6872 provides that if the trustee is required to give notice pursuant to regulations issued under section 6036 then the period of

limitations on making assessments is suspended from the date the petition in bankruptcy is filed until 30 days after the trustee has given respondent notice under section 6036 of his qualification as trustee, but in no case may the suspension period exceed 2 years. We note that the Secretary has exempted bankruptcy trustees appointed after January 29, 1988, from the notice requirements of section 6036; however, we must consider the application of these sections on the facts of this case since the trustee here was appointed prior to that date. Sec. 301.6036-1(a)(1)(i), Proced. & Admin. Regs.[3] Based on the application of these sections, petitioner argues that the running of the period of limitations was suspended until May 1, 1982, 2 years after the bankruptcy petition was filed. While petitioner acknowledges that under section 6503(i), an additional 60 days is tacked on to the unexpired portion of the period of limitations after the stay is lifted, he argues that the March 21, 1986, notice of deficiency nevertheless was issued beyond the expiration of the period of limitations.

Prior to reform of the bankruptcy laws, respondent was authorized under section 6871 to immediately assess a deficiency against a bankrupt taxpayer, without having to first issue a notice of deficiency. In 1978, the bankruptcy laws were amended by the Bankruptcy Reform Act of 1978 (Pub. L. 95-598, 92 Stat. 2549 (1978)) and codified as the Bankruptcy Code under title 11 of the United States Code. One of the major amendments to the bankruptcy laws was the addition of section 362 to the Bankruptcy Code, which provides for the automatic stay of proceedings concerning the debtor. In 1980, Congress passed the Bankruptcy Tax Act of 1980 (Pub. L. 96-589, 94 Stat. 3389), generally effective as of October 1, 1979. The Bankruptcy Tax Act generally repealed respondent's immediate assessment authority under section 6871. Further, the act added new section 6503(i),[4] which provides for suspension of the statute of limitations during the period that the automatic stay is in effect and for 60 days thereafter.

---

[3] In cases where the trustee was appointed after Jan. 29, 1988, sec. 6872 would no longer come into play.

[4] Former sec. 6503(i) was redesignated as sec. 6503(j).

The committee report on the Bankruptcy Tax Act states with respect to amended section 6503(i) as follows:

Section 6(a) of the bill provides that if the * * * Internal Revenue Service is prohibited for a period of time by reason of a bankruptcy case from assessment or collection of tax (for example, because of the automatic stay under 11 U.S.C. sec. 362(a)(6)), the running of the period of limitations is suspended for assessment, for the prohibition period and for 60 days thereafter; and for collection, for the prohibition period and for 6 months thereafter. [S. Rept. 96-1035 (1980), 1980-2 C.B. 620, 645.]

We note that section 6503 generally involves the suspension of the running of the statute of limitations. Section 6503(i) is entitled "Cases Under Title 11 of the United States Code." Thus, there is no question but that section 6503(i) was intended to apply to a matter involving bankruptcy under title 11. Section 6501(k)(2)[5] provides a cross-reference to subchapter B of chapter 70 for cases relating to receivership. Subchapter B of chapter 70 includes sections 6871 through 6873. Section 6872 is the provision relied upon by petitioner.

Section 6871 is entitled "Claims for Income, Estate, Gift and Certain Excise Taxes in Receivership Proceedings, Etc." Section 6871(a) provides for immediate assessment in receivership proceedings. Section 6871(b) provides for immediate assessment with respect to certain title 11 cases. The immediate assessment authority under section 6871(b) is limited to a circumstance where (1) the deficiency is imposed on the debtor's estate (as opposed to the debtor), or (2) the liability has become res judicata pursuant to a determination in the case under title 11. Section 6872 is entitled "Suspension of Period on Assessment." A logical interpretation of these sections is that the suspension of the period of limitations on the making of assessments contained in section 6872 relates to situations arising under section 6871. While the reference to title 11 in section 6872 is not expressly limited by the conditions set forth in section 6871, to otherwise apply section 6872 to *all* title 11 situations would contradict the expressed scheme of section 6503(i) and 11 U.S.C. section 362(a) (1982). We find that the congressional history and the adding of new section 6503(i)

---

[5]Pub. L. 99-514, 100 Stat. 2575, sec. 1235(d), amended sec. 6503 by redesignating subsec. (j) as (k) and by inserting a new subsec. (j) which is not pertinent here.

clearly indicates that it is the intention of Congress that the period of limitations on assessment and collection in a title 11 case be suspended during the period in which the automatic stay is in effect. Accordingly, the notice of deficiency for the taxable years 1977 and 1978 issued on March 21, 1986, was timely. Petitioner's motion for summary judgment will be denied.

*An order will be issued denying petitioner's motion for summary judgment.*