REX L. ZIMMERMAN AND CHARLENE A. ZIMMERMAN, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 27441–92.     Filed September 13, 1995.

Rex L. Zimmerman and Charlene A. Zimmerman, pro se. *Lynne Camillo* and *Steven J. McFarlane,* for respondent.

## OPINION

DAWSON, *Judge:* This case was assigned to Chief Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183.[1] The Court agrees with and adopts the opinion of the Chief Special Trial Judge, which is set forth below.

---

[1] All section references are to the Internal Revenue Code in effect for the years in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.

## OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, *Chief Special Trial Judge:* This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction. Respondent asserts that we lack jurisdiction in this case on the ground that the petition, to the extent that it pertains to the taxable years 1984 and 1985, was not filed within the period prescribed in section 6213(f).

*Background*

On September 3, 1991, Rex L. Zimmerman and Charlene A. Zimmerman filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code with the U.S. Bankruptcy Court for the District of Arizona.

On May 20, 1992, respondent mailed a notice of deficiency to petitioners determining deficiencies in and additions to their Federal income taxes for the years and in the amounts as follows:

| Year | Deficiency | Addition to tax sec. 6651(a)(1) |
|---|---|---|
| 1984 | $7,619 | $1,994 |
| 1985 | 3,320 | 1,054 |

On June 5, 1992, the bankruptcy court issued an order discharging petitioners from all personal liability for debts existing on the date of the commencement of their bankruptcy case. The discharge order includes a legend stamped at the bottom of the page, signed by the bankruptcy court deputy clerk, stating: "26 COPIES MAILED TO ALL CREDITORS AND INTERESTED PARTIES ON 10/20/92."

On September 10, 1992, respondent issued a notice of deficiency to petitioners determining a deficiency in and additions to their Federal income tax for 1986 as follows:

| Deficiency | Additions to tax | |
|---|---|---|
| | Sec. 6651(a)(1) | Sec. 6654 |
| $16,963 | $4,241 | $819 |

On December 11, 1992, petitioners filed a petition for redetermination with this Court seeking a redetermination of their tax liability for the taxable years 1984, 1985, and

1986.[2] At the time the petition was filed, petitioners resided in Gilbert, Arizona.

As indicated, respondent filed a motion to dismiss for lack of jurisdiction asserting that this Court lacks jurisdiction with respect to the taxable years 1984 and 1985 on the ground that the petition was not filed within the time prescribed in section 6213(f). Petitioners filed a response to respondent's motion rejecting the argument that their petition was not timely with respect to the deficiency notice covering the taxable years 1984 and 1985. In particular, petitioners maintain that, due to their bankruptcy, the period for filing a petition under section 6213(f) "did not commence running until such time as they and all creditors were notified of their discharge from their bankruptcy filing." In petitioners' view, the operative date for purposes of computing the time for filing a petition under section 6213(f) is October 20, 1992—the date appearing on the discharge order relating to the mailing of notice to creditors and interested parties. Petitioners do not cite any authority in support of their position. Respondent filed a reply to petitioners' response asserting that the operative date for computing the time for filing a petition under section 6213(f) is June 5, 1992—the date that the bankruptcy court granted petitioners their discharge.[3]

*Discussion*

This Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. *Monge v. Commissioner,* 93 T.C. 22, 27 (1989); *Normac, Inc. v. Commissioner,* 90 T.C. 142, 147 (1988); see Rule 13(a), (c). Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. Normally, the taxpayer has 90 days from the date the notice of deficiency is mailed to file a petition in this

---

[2] The petition arrived at the Court in an envelope bearing a private postage meter postmark dated Dec. 9, 1992. Although respondent asserts that we lack jurisdiction with respect to the taxable years 1984 and 1985, there is no dispute that petitioners filed a timely petition with respect to the deficiency notice that respondent issued on Sept. 10, 1992, relating to petitioners' liability for the taxable year 1986. Secs. 6213(a), 7502(a).

[3] Petitioners filed a second petition for relief under ch. 11 of the Bankruptcy Code on or about Apr. 2, 1993. As a consequence, these proceedings were stayed by order dated May 4, 1993. Petitioners' bankruptcy petition was subsequently dismissed, resulting in the lifting of the stay by order dated May 17, 1995.

Court for a redetermination of the deficiency. Sec. 6213(a). An exception to this rule arises where the taxpayer is involved in bankruptcy proceedings at the time the deficiency notice is mailed. In such circumstances, section 6213(f) provides:

SEC. 6213 (f). COORDINATION WITH TITLE 11.—

(1) SUSPENSION OF RUNNING OF PERIOD FOR FILING PETITION IN TITLE 11 CASES.—In any case under title 11 of the United States Code, the running of the time prescribed by subsection (a) for filing a petition in the Tax Court with respect to any deficiency shall be suspended for the period during which the debtor is prohibited by reason of such case from filing a petition in the Tax Court with respect to such deficiency, and for 60 days thereafter.

In sum, section 6213(f) provides that the running of the time for filing a petition with this Court shall be suspended for the period during which the debtor/taxpayer is prohibited by reason of a bankruptcy case from filing a petition in this Court and for 60 days thereafter. *Olson v. Commissioner,* 86 T.C. 1314, 1318–1319 (1986), and cases cited therein.

The so-called automatic stay which precludes the filing of a petition with this Court by a debtor in bankruptcy is codified at 11 U.S.C. section 362(a)(8) (1988), which provides in pertinent part:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, * * * operates as a stay, applicable to all entities, of

\* \* \* \* \* \* \*

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.

We contrast the above-quoted provision with 11 U.S.C. section 362(b)(9) (1988), which provides in pertinent part:

(b) The filing of a petition under section 301, 302, or 303 of this title, * * * does not operate as a stay—

\* \* \* \* \* \* \*

(9) under subsection (a) of this section, of the issuance to the debtor by a governmental unit of a notice of tax deficiency.

Read together, these provisions indicate that, while the Commissioner may issue a notice of deficiency during the pendency of a bankruptcy case, the Tax Court's jurisdiction

is limited by the automatic stay imposed under 11 U.S.C. section 362(a)(8). *Galanis v. Commissioner,* 92 T.C. 34, 36 (1989).

The duration of the automatic stay is prescribed in 11 U.S.C. section 362(c) (1988) as follows:

> (c) Except as provided in subsections (d), (e), and (f) of this section—
>
> (1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate; and
>
> (2) the stay of any other act under subsection (a) of this section continues until the earliest of—
>
> (A) the time the case is closed;
>
> (B) the time the case is dismissed; or
>
> (C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied.

In sum, unless relief from the automatic stay is granted by order of the bankruptcy court, see 11 U.S.C. sec. 362(d) (1988), the automatic stay generally remains in effect until the earliest of the closing of the case, dismissal of the case, or the grant or denial of a discharge. 11 U.S.C. sec. 362(c)(2); see *Smith v. Commissioner,* 96 T.C. 10, 14 (1991); *Neilson v. Commissioner,* 94 T.C. 1, 8 (1990).

There is no dispute in the instant case that the deficiency notice setting forth respondent's determination for the taxable years 1984 and 1985 was mailed to petitioners on May 20, 1992. It is equally clear that petitioners were precluded by virtue of their pending bankruptcy petition and the automatic stay imposed under 11 U.S.C. section 362(a)(8) from filing a petition with this Court at that time. The question we are asked to decide is whether the period for filing a timely petition with this Court under section 6213(f) began to run on the 60th day after June 5, 1992 (the date when petitioners were granted a discharge by the bankruptcy court), as respondent contends, or on the 60th day after October 20, 1992 (the date that creditors and interested parties were purportedly notified of the discharge), as petitioners contend.

As previously discussed, the automatic stay imposed under 11 U.S.C. section 362(a)(8) generally remains in effect until the earliest of the closing of the case, dismissal of the case, or the grant or denial of a discharge. 11 U.S.C. sec. 362(c)(2);

*Smith v. Commissioner, supra.* Based on the unambiguous language of 11 U.S.C. section 362(c)(2)(C), we hold that the automatic stay was terminated in this case on June 5, 1992, the date the bankruptcy court granted petitioners their discharge. See *Moody v. Commissioner,* 95 T.C. 655 (1990) (holding that the automatic stay was lifted in a chapter 11 bankruptcy proceeding upon entry of the bankruptcy court's order confirming a plan of reorganization); *Zamarello v. Commissioner,* T.C. Memo. 1991–494.

We are not persuaded by petitioners' argument that the automatic stay should be deemed to have remained in effect until October 20, 1992, the date when creditors and interested parties apparently were notified that a discharge had been granted. While we are troubled by the time that expired between the date of the discharge and the apparent service of notice of the discharge on creditors and interested parties several months later, we are unaware of any provision in either the Bankruptcy Code or the Internal Revenue Code that would justify treating the latter date as the date of discharge. Indeed, petitioners' position is contrary to established case law, conflicts with the plain language of 11 U.S.C. section 362(c)(2)(C), and would hinder the effectiveness of what is otherwise a bright-line rule. See, e.g., *Carson v. Logan College of Chiropractic,* 150 Bankr. 228 (Bankr. E.D. Mo. 1993); *In re Trevino,* 78 Bankr. 29, 36–37 (Bankr. M.D. Pa. 1987) (automatic stays in chapter 7 bankruptcy proceedings lifted upon entry of orders granting or denying a discharge).

Consistent with the foregoing, we conclude that the time for filing a timely petition with this Court with respect to the deficiency notice issued to petitioners on May 20, 1992, began to run on the 60th day after June 5, 1992. Sec. 6213(f). It follows that the petition filed herein on December 11, 1992, some 189 days after June 5, 1992, is untimely to the extent that petitioners seek a redetermination of their tax liabilities for the taxable years 1984 and 1985. Consequently, we will grant respondent's motion to dismiss for lack of jurisdiction with respect to those years.[4]

---

[4] While petitioners cannot pursue their case in this Court with respect to the taxable years 1984 and 1985, they are not without a remedy. In short, petitioners may pay the tax, file a claim for refund with the Internal Revenue Service, and if the claim is denied, sue for a refund in the Federal District Court or the U.S. Court of Federal Claims. See *McCormick v. Commissioner,*

To reflect the foregoing,

*An order granting respondent's motion to dismiss for lack of jurisdiction with respect to 1984 and 1985 will be issued.*